PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARLOS CANCEL, Defendant and Appellant.

No. 7290. Argued: December 14, 1938.—Decided: December 22, 1938.

*E. Martínez Avilés,* for appellant; *R. A. Gómez, Prosecuting Attorney* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The District Court of Arecibo found the accused Carlos Cancel guilty of violating section 137 of the Penal Code, and sentenced him to pay a fine of $15, and in default thereof to one day imprisonment in jail for every dollar which he shall fail to pay.

The information was originally filed in the municipal court of the judicial municipal district of said city, and reads as follows:

" . . . said accused, Carlos Cancel, then and there, illegally wilfully, maliciously and criminally resisted, delayed and obstructed complainant, who is now and was on above mentioned date, a public officer acting in the performance of his duties as insular inspector of weights and measures, accused knowing that he resisted, delayed and obstructed a public officer acting in the performance of his duties as such inspector at a time when he was proceeding to examine a gasoline pump the property of Mr. Pascasio Cancel (brother of accused), delayed, resisted and obstructed, interrupting me in that work in an inciting attitude and despising and defiant language, like the following: Insolent, you will not take me out of there; the mechanic of San Juan is the only one who can do it,' a language used, I repeat, in a violent tone while proceeding towards the pump with the manifest intent to prevent me as an insular inspector of weights and measures from doing the inspection of the pump, preventing me from carrying on said work on said day.''

Feeling aggrieved, the accused appealed to this court and in a demurrer raised the objection that the facts stated do not constitute the crime described in section 137 of the Penal Code (a misdemeanor) but the crime defined by section 84 of the same code, which is a felony.

According to the interpretation given by this court to both sections, "the difference between those two crimes is that in the one punished by section 137 resistance, delay or obstruction alone to a public officer in the discharge or in the attempt to discharge any duty of his office is sufficient, while those very acts are punishable as a felony according

to section 84 when threats or violence are used to deter or prevent an executive officer from performing any duty imposed upon him by law. It has been so decided by this court. *People* v. *Ramos,* 13 P.R.R. 325, and *People* v. *Lind,* 40 P.R.R. 745.'' *People* v. *Brunet,* 48 P.R.R. ——.

Having examined the complaint by the light of said case, it does not appear that the threats or violence punished by section 84 of the Penal Code have been alleged, so the lower court did not err in finding accused guilty of the crime described in section 137 of the same code.

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.